IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MADE IN DETROIT, INC.,<br>A Michigan Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-457-L<br><br>Chief Judge Edward J. Damich |

ANSWER TO AMENDED COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of Federal Claims, defendant, the United States, answers the allegations in the numbered paragraphs of plaintiff's Complaint as follows:

THE PARTIES

1. Defendant admits that Made in Detroit, Inc. ("MID"), is the named plaintiff in this action. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation and, on that basis, denies that allegation.

2. Defendant admits that it is the United States and includes the agencies listed in this paragraph.

JURISDICTION

3. The allegation that the defendant destroyed plaintiff's fee simple interest in the real property is denied. The remaining allegations are plaintiff's characterization of its case, to which no response is required. Defendant avers that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court.

## GENERAL ALLEGATIONS

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of this paragraph and, on that basis, denies that allegation. Defendant admits that the second sentence of this paragraph provides an accurate general description of the property.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations. Defendant avers that it is not possible to provide a response at to plaintiff's subjective intent.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations. Defendant avers that the City of Trenton resolution that may have been passed provides the best evidence of its contents.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations. Defendant avers that the documents referenced by plaintiff in this paragraph provide the best evidence of their contents.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph and, on that basis, denies those allegations.

12. Defendant denies the allegation that the fair market value of the subject property was enhanced by MID's actions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies those allegations.

13. Given the vague and ambiguous nature of the terms "early on in the process" and "some federal officials, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

14. Defendant denies characterization of federal agency involvement as "opposition to the project." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies those allegations. The term "Different federal agency officials" is vague and ambiguous and therefore the allegation containing that term is denied.

15. Defendant denies that Dr. Bruce Manny of the U.S. Geological Survey ("USGS") office of the Department of the Interior ("DOI") "actively aided and abetted" conservationists. Defendant admits that Dr. Manny met with and provided information to project opponents, but denies it was "in furtherance of their opposition." Defendant admits that the USGS provided meeting rooms to interested third parties at U.S. government facilities. Defendant admits that Dr. Manny prepared objective information. Defendant denies that the U.S. Army Corps of Engineers ("COE") relied on that information in denying the permit. Defendant denies that Dr. Manny desired to prevent development of the property. Defendant admits that MID filed a formal complaint with DOI alleging a conflict of interest by Dr. Manny. Defendant avers that it is the USGS' general practice to conduct an investigation when a formal complaint is filed. On

information and belief, defendant admits that DOI informed MID that it referred the matter to the Office of the Inspector General ("IG"). On information and belief, the IG found no criminal wrongdoing. Regarding the last sentence in this paragraph, defendant is without knowledge or information sufficient to form a belief as to the truth of that allegation and, on that basis, denies that allegation.

16. The allegations contained in each sentence of this paragraph constitute plaintiff's characterizations and opinions to which no response is required. To the extent that the sentences in this paragraph contain factual allegations requiring a response, defendant is without knowledge or information sufficient to form a belief as to the truth of those factual allegations and, on that basis, denies them.

17. Regarding the first sentence in this paragraph, defendant admits and avers that on March 9, 1999, the DOI's U.S. Fish and Wildlife Service ("FWS") prepared a document that supported "proceeding with the acquisition process of [Humburg Marsh] so long as there is a willing seller." Defendant is without knowledge or information sufficient to form a belief as to whether that document is the same unnamed document to which plaintiff is referencing, and on that basis, denies the allegation. The second sentence constitutes plaintiff's characterization of its own interest, to which no response is required. Regarding the third sentence, defendant admits that on September 30, 1998 and May 20, 1999, the FWS recommended that the COE deny MID's requested Clean Water Act permit. Defendant avers that the FWS also provided written recommendations for modifications which MID could include in any future permit applications.

18. Plaintiff's characterizations of Congressman John Dingell do not require a response. Defendant admits that the Congressman publically expressed opposition to the project. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph and, on that basis, denies those allegations.

19. Defendant admits that the referenced legislation was introduced and was passed. Defendant is unable to provide a response to Congressman Dingell's subjective intent. As to the remaining allegations, defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

20. Defendant admits that the Congressman's office contacted federal agencies, including the COE, on this and many other issues. As to the remaining allegations, defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

21. To the extent that there are factual allegations in this paragraph requiring a response, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

22. To the extent that the first sentence contains factual allegations requiring a response, defendant denies the allegations. As to the remaining allegations, defendant admits that Dr. Hartig became the Refuge Manager for the Detroit River International Wildlife Refuge, which includes the property that is the subject of this case. Defendant admits the third sentence of this paragraph.

23. Regarding the first sentence of this paragraph, the term "Federal agency officials" is vague and ambiguous and therefore the allegation containing that term is denied. Defendant admits that there is a study entitled "Detroit River Candidate Sites for Habitat Protection and Remediation. Defendant denies the remainder of the second sentence because the term "furthered efforts" is vague and ambiguous and defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Defendant admits that on

July 16, 2002, the USGS denied a Freedom of Information Act request for the subject study, but notes that the study is now finalized and available to the public at the USGS's website.

24. Regarding the first sentence of this paragraph, defendant admits that the FWS worked with others to assist in the preservation of the property, but denies the remainder of this sentence because the term "federal officials" is vague and ambiguous and defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Defendant admits the allegations contained in the second and third sentence of this paragraph. With regard to the remaining factual allegations in this paragraph, defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

25. The allegations contained in this paragraph call for a legal conclusion, to which no response is required.

26. Defendant admits that an application was filed. The remaining allegation misconstrue and misstate how mitigation is applied in the permit process and therefore is denied.

27. Defendant denies the allegations in this paragraph. Defendant avers that there are no isolated wetlands on the subject property.

28. Admitted.

29. Defendant avers that the COE does not "rule" on applications. It determines whether a proposed project is or is not contrary to the public interest, in accordance with its regulations. If the proposed project is not contrary to the public interest a permit is granted. Defendant Defendant further avers, on information and belief, that the second public hearing was held on April 22, 1999, regarding the revised application.

30. Defendant admits that the COE informed plaintiff of possible modifications to its permit

application that it might consider to reduce the environmental effects of its proposed project that might result in a "permittable project." The remaining allegations in this paragraph partially reflect the possible modifications. Defendant avers that the District Engineer's August 31, 1999 correspondence containing possible modifications referenced a "4.5 acre triangular area along the north property," rather than the "4.4 acre" area cited in this paragraph.

31. Defendant admits that the property had an existing easement, the terms of which are the best evidence of its scope.

32. Denied.

33. Defendant admits that the COEs permit denial conformed with the statutes and regulations it enforces. As to the remaining allegations in this paragraph, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

34. Defendant admits that a dredging permit was granted to the North End Dredge Committee. The permit provides the best evidence of its contents.

35. Plaintiff's characterization of its actions require no response, and therefore, is denied. Defendant denies racial discrimination played any part in the COE permit decision. To the extent that there are any factual allegations in this paragraph requiring a response, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

36. Defendant admits the allegations in the first two sentences of this paragraph. Defendant admits that the COE appeal hearing officer remanded the permit denial back to the COE Detroit District Office. Defendant denies the remaining allegations in this paragraph. Defendant avers that the factors that were not upheld were remanded back to the District, rather than reversed.

37. Admitted.

38. Plaintiff's characterization of its actions in the first sentence of this paragraph requires no response, and therefore, is denied. Defendant denies that the MID redesigned project avoided COE jurisdiction. As to the remaining allegations in this paragraph, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

39. The first two sentences in this paragraph are legal conclusions that require no response, and therefore, are denied. Defendant denies that that pilings, such as might be used for bridge construction, are not regulated. Defendant denies that the Coast Guard determined "there was no federal jurisdiction over the planned bridge." The remaining allegations are admitted.

40. Plaintiff's "understanding" of COE jurisdiction is a legal conclusion that requires not response, and therefore, is denied. Plaintiff's characterization of why it redesigned the development requires no response, and is therefore, denied. Defendant denies the allegation that the COE did not have jurisdiction.

41. Defendant admits the first sentence in his paragraph. Defendant denies the second sentence of this paragraph. Defendant admits that there was a conference call between the EPA and COE, the subject of which was MID's activities (or proposed activities) at the site and the response of the government. Defendant admits that, upon learning that plaintiff intended to proceed without the required permit, the COE reviewed its statutory and regulatory options. The remaining allegations in this paragraph purport to characterize an April 10, 2000 letter; that letter provides the best evidence of its contents.

42. Defendant admits that on May 17, 2000, the Regional Administrator of EPA, Region V, Francis X. Lyons sent a letter to MID's attorney regarding MID's plans to initiate construction

of its project on or before June 1, 2000. The second sentence in this paragraph is denied because it purports to characterize a May 2000 letter, which speaks for itself, and provides the best evidence of its contents. Defendant admits the third sentence. Defendant denies the fourth and fifth sentences in this paragraph because they purport to characterize e-mail records; those records provide the best evidence of their contents.

43. The allegations in this paragraph are denied because they purport to characterize a letter; the letter provides the best evidence of its contents.

44. The allegations in this paragraph are denied because they purport to characterize a letter; the letter provides the best evidence of its contents. Defendant further denies that the Coast Guard determined it had no jurisdiction "because the bridge did not impact navigable waters."

45. Defendant admits that the COE issued a project denial in June, 2000. The remaining allegations are denied.

46. Defendant admits that the COE does not process permit applications which are substantially similar to ones previously denied. The remaining allegations in this paragraph are denied because they purports to characterize a written document, which provides the best evidence of its contents.

47. Regarding the first sentence of this paragraph, defendant denies that the COE and EPA "threat[ened]" MID. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the allegations.

48. Plaintiff's characterization of defendant's actions in the first sentence of this paragraph requires no response, and therefore, is denied. The term "various agents" is vague and ambiguous and therefore denied. Defendant admits that the FWS worked with the Trust for Public Land to assist in purchasing the subject property for preservation, but denies knowledge

of the alleged "threats." All remaining allegations in this paragraph are denied.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

50. Defendant admits that MID filed a Declaratory Judgment action as described. Plaintiff's characterization of its complaint requires no response, and therefore, is denied. The complaint is the best evidence of its contents.

51. Defendant admits that it successfully moved to dismiss the action in the District Court. The remaining allegations purport to characterize defendant's legal position and require no response.

52. Defendant denies plaintiff's characterization that the COE and other unspecified "agencies" "interfere[d]" with MID's alleged development plans and that there existed opposition to the development "in general." Defendant admits that secured creditors sought to foreclose on the property, and that MID entered Chapter 11 bankruptcy. Defendant denies that MID's development was "thwarted" by government. Plaintiff's characterization of defendant's "desire" does not require a response, and is therefore, denied. To the extent that plaintiff's characterization contains a factual allegation that requires a response, defendant denies the allegation. Defendant denies that its actions destroyed the financial viability of the project.

53. Defendant admits that the property was conveyed to the Trust in 2003. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and, on that basis, denies the allegations. Any resolution that the Trust for Public Land passed is the best evidence of its contents.

54. Admitted.

55. Defendant denies the first sentence of this paragraph, but clarifies that the property is now preserved by defendant as part of the Detroit River International Wildlife Refuge. Plaintiff's

characterization of Dr. Hartig's efforts require no response, and is therefore, denied. To the extent that that plaintiff's characterization contains a factual allegation that requires a response, it is denied. Defendant avers that Dr. Hartig was the River Navigator, not Director.

56. Denied.

57. Defendant admits that the property is now a part of the Detroit River International Wildlife Refuge, which is open for use by the public.

58. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

59. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

60. The first sentence of this paragraph is plaintiff's characterization and requires no response. To the extent that a response is required, the allegations are denied. The term "many Federal officials"is vague and ambiguous and therefore the allegation containing that term is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies those allegations.

61. The allegations contained in this paragraph are conclusions of law and improper characterizations to which no response is required. To the extent that a response is required, the allegations are denied.

62. Denied.

63. Defendant admits that the COE does not process permit applications that are substantially similar to one already denied. Defendant admits that this information was communicated to plaintiff with regard to a revised proposal. The remaining allegations are denied.

64. The motives plaintiff seeks to attribute to federal officials are denied. The allegations

contained in the first two sentences of this paragraph are conclusions of law and improper characterizations to which no response is required. To the extent that a response is required, the allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

65. Denied.

COUNT I: CATEGORICAL TAKING

66. Defendant adopts its answers to previous allegations as though full restated.

67. This allegation states a legal conclusion, to which no answer is required. To the extent that an answer might be required, this allegation is denied. Defendant specifically denies that its actions resulted in a taking of the property.

68. This allegation states a legal conclusion, to which no answer is required. To the extent that an answer might be required, this allegation is denied.

69. Defendant admits that the Detroit River International Wildlife Refuge is open to public. The remaining allegations are denied.

70. This allegation is a legal conclusion, for which no answer is required. To the extent that an answer might be required, this allegation is denied. See Answer to parargraph 67.

COUNT II: PENN CENTRAL TAKING

71. Defendant adopts its answers to the previous allegations as though fully restated.

72. This allegation is a legal conclusion, for which no answer is required. To the extent that an answer might be required, this allegation is denied.

73. Denied.

74. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

75. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

76. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied. See Answer to parargraph 67.

COUNT III: TAKING/EXACTION

77. Defendant adopts its answers to the previous allegations as though fully restated.

78. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied. See Answer to parargraph 67.

79. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

80. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

81. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

82. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied. See Answer to parargraph 67.

COUNT IV: DE FACTO TAKING

83. Defendant adopts its answers to the previous allegations as though fully restated.

84. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied.

85. This allegation states a legal conclusion to which no answer is required. To the extent that an answer might be required, this allegation is denied. See Answer to parargraph 67.

## DEFENDANT'S AFFIRMATIVE DEFENSE

Defendant's Affirmative Defense

Plaintiffs' claim must be dismissed because plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, the United States denies that plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for defendant, and that defendant be allowed its costs and such other and further relief as the Court may allow.

DATED: January 5, 2007

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

s//Steven D. Bryant
STEVEN D. BRYANT
Attorney of Record for Defendant
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
V: 202-305-0424
F: 202-305-0267

OF COUNSEL:

Arvis V. Freimuts
U.S. Army Corps of Engineers
Detroit District
477 Michigan Avenue
Detroit, MI 48226-2550

313-226-6875

Sharon Pudwill
U.S. Department of the Interior
Office of the Field Solicitor
Bishop Henry Whipple Federal Building
1 Federal Drive, Room 686
Ft. Snelling, MN 55111-4030
612-713-7100

Richard Clarizio
Environmental Protection Agency
Region V
Office of Regional Counsel
(C14-J)
77 West Jackson Blvd.
Chicago, IL 60604
312-886-0559